UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
                                                :
LARS ST. JOHN,                                  :      CASE NO. 15-CV-1172
                                                :
         Plaintiff,                             :
                                                :
             v.                                 :      OPINION AND ORDER
                                                :      [Resolving Docs. 34, 36, 40]
                                                :
THE FRESH MARKET, et al.,                       :
                                                :
         Defendants.                            :
                                                :
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Plaintiff St. John brings discrimination and harassment claims against Defendants The Fresh Market, et al. On June 24, 2016, Plaintiff St. John moved for an order compelling disclosure of discovery.[1] Defendants oppose and move to strike Plaintiff's reply to their opposition.[2] On July 27, 2016, Defendants moved for an order compelling the attendance of Plaintiff St. John at a deposition scheduled for August 4, 2016.[3] For the reasons below, this Court **DENIES** Plaintiff's motion. This Court **GRANTS** Defendants' motion and **ORDERS** Plaintiff St. John to appear at the scheduled deposition on August 4, 2016.

### DISCUSSION

Plaintiff failed to appear at his scheduled deposition on July 14, 2016, a date Plaintiff had requested.[4] When Defendants reached out to Plaintiff inquiring as to his absence, he responded that he had a family emergency.[5] Defendants then reached out to Plaintiff St. John to attempt to

---

[1] Doc. 34.
[2] Doc. 35, 37, 40.
[3] Doc. 36.
[4] Doc. 36-1 Exh. 2.
[5] *Id*. at Exh. 6.

Case No.15-CV-1172
Gwin, J.

reschedule the deposition.[6] Plaintiff St. John responded that he was only available on August 15 or 16, 2016.[7] Defendants explained that those dates were too close to the dispositive motion deadline of August 29, 2016.[8] Plaintiff then refused to agree or offer any other dates.

Because Plaintiff failed to appear at his scheduled deposition and subsequently failed to in good faith find an alternate date given the fast approaching dispositive deadlines, this Court **ORDERS** Defendant to appear for his deposition on August 4th, 2016. This Court declines to sanction Plaintiff at this time

Plaintiff St. John moves to compel Defendants' responses to interrogatories. There is no indication that Plaintiff sought in good faith to resolve the dispute with Defendants before filing his motion as he is required to under Local Rule 37.1.

Plaintiff says he did not timely receive the discovery. However, the record shows Defendants mailed the discovery to Plaintiff on June 9, 2016 and emailed him a courtesy copy.[9] Plaintiffs interrogatory Nos. 1, 2, 3, 7, 8 and 9 all request that Defendants "identify" Fresh Market employees. Defendants provided job titles in response. Plaintiff now says he wants addresses and phone numbers.

Further, Plaintiff seeks the production of documents through the interrogatories. Documents must be sought through properly served document requests, not interrogatories. Regardless, Defendants have responded that the surveillance video footage Plaintiff seeks does not exist because there are no cameras on Fresh Market's property.[10]

Plaintiff's requests were overly broad. He requested the identities of managers outside of his department (Interrogatory No. 3), all cashiers (Interrogatory No. 7), all human resources

---

[6] *Id.* at Exhs 8, 9, 10.
[7] *Id.* at Exh. 11.
[8] *Id.* at Exh. 12.
[9] Doc. 35 at Exh. A.
[10] Doc. 35 at 6.

2

Case No.15-CV-1172
Gwin, J.

employees (Interrogatory No. 8) and the charity the bakery department donated goods to in 2012 and 2013 (Interrogatory No. 10). This information is not related in any way to the claims in Plaintiff's lawsuit as his claims center around alleged discrimination and harassment in the bakery department.

Thus, this Court **DENIES** Plaintiff's motion to compel disclosure of discovery. This Court also **DENIES** Defendants' motion to strike Plaintiff's reply.

IT IS SO ORDERED.


Dated:  August 2, 2016                                         *s/      James S. Gwin*
                                                               JAMES S. GWIN
                                                               UNITED STATES DISTRICT JUDGE