UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
:
LARS ST. JOHN, : CASE NO.: 1:15-CV-01172
:
      Plaintiff, :
:
   v. : OPINION AND ORDER
: [Resolving Doc. 43]
FRESH MARKET, et al., :
:
      Defendants, :
:
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

    Defendants The Fresh Market, Jessie Heath, Tim McAdams, John Fox, Shannon Curran, and Anita Penney ("Defendants") move to dismiss this case for lack of prosecution and failure to cooperate in discovery.[1] Defendants also request costs and expenses incurred in Plaintiff's failure to appear at two depositions and in filing their motion to dismiss.[2] Plaintiff Lars St. John ("Plaintiff") has not opposed the motion. For the following reasons, the Court **GRANTS** Defendants' motion to dismiss but declines to award costs and expenses to Defendants.

## I. Background

    On June 11, 2015, Plaintiff St. John filed a *pro se* complaint against Defendants alleging harassment and discrimination.[3] Defendant noticed Plaintiff for deposition but Plaintiff failed to appear at a deposition on July 14, 2016, a date he requested, due to a family emergency.[4] Plaintiff then failed to offer a new deposition date far enough in advance of dispositive motion

---

[1] Doc. 43.
[2] *Id*.
[3] Doc. 1. Plaintiff's Complaint also included libel and slander claims against the Equal Employment Opportunity Commission ("EEOC"). *Id*. This Court dismissed the EEOC as a defendant on Septenber 15, 2015. Doc. 5.
[4] Doc. 36-1 at Ex. 2.

-1-

Case No. 15-CV-01172
Gwin, J.

deadlines.[5] On August 2, 2016, this Court declined to sanction Plaintiff but ordered him to appear for a deposition on August 4, 2016.[6] Plaintiff failed to appear at his court-ordered deposition.[7] Plaintiff has not contacted Defendants or the Court concerning his failure to appear.[8]

This Court also denied Plaintiff's Motion to Compel Discovery on August 2, 2016.[9] Plaintiff made overbroad requests, improperly used interrogatories to request documents, and made no good-faith attempt to resolve the discovery dispute with Defendants.[10] Since then, Plaintiff has not properly replied to Defendants' interrogatories and document requests, nor has he engaged in good faith resolution of his objections to these requests.[11]

On August 16, 2016, Defendants filed the instant motion to dismiss.[12] Defendants argue that the Court should dismiss this case under Federal Rules of Civil Procedure 37(b)(2) and 41(b) because Plaintiff failed to comply with the rules of discovery and this Court's order to appear for a deposition.[13]

## II. Discussion

Fed. R. Civ. P. 41(b) allows a defendant to move for dismissal of a case "if the plaintiff fails to prosecute or to comply with these rules or any order of court . . . ." Fed. R. Civ. P. 37(b)(2) also provides that a federal district court may dismiss an action if a party fails to provide or permit discovery, or disobeys a Fed. R. Civ. P. 26(f) court order regarding discovery.[14]

When contemplating dismissal under either of these rules, the district court considers four factors: (1) whether the party's failure to cooperate is due to willfulness, bad faith, or fault; (2)

---

[5] *Id*. at Exs. 11, 12.
[6] Doc. 41.
[7] Doc. 43-1 at Exs. 14, 17.
[8] *Id.* at 7.
[9] Doc. 41.
[10] *Id*. at 2-3.
[11] Doc. 43-1 at Exs. 10, 11, 13, 14, 15.
[12] Doc. 43.
[13] *Id*.
[14] Fed. R. Civ. P. 37(b)(2); Fed. R. Civ. P. 37(d).

Case No. 15-CV-01172
Gwin, J.

whether the moving party was prejudiced by the adversary's failure to cooperate in discovery; (3) whether the party opposing dismissal had warning that failure to cooperate could lead to dismissal; and (4) whether the court considered or used less drastic sanctions before the dismissal was ordered.[15]

Plaintiff St. John has willfully failed to prosecute and properly engage in discovery in a variety of ways. First, Plaintiff's response to Defendants' discovery demands were incomplete at best. For example, Plaintiff asserted that Defendants' standard request for "any and all documents and/or communications that refer, relate and/or pertain to the facts giving rise to the claims in the Complaint" was "va[g]ue and repetitious."[16] As Defendants noted in their discovery deficiency letter to Plaintiff, this request simply demands any supporting documentation for facts alleged in the Complaint.[17] Plaintiff St. John never responded to this letter, Defendants' offer to schedule a conference call, or another follow-up email on these issues.[18]

Second, and most importantly, Plaintiff has failed to appear for two noticed depositions. The Court declined to sanction Plaintiff for missing the first deposition because he had a family emergency.[19] Plaintiff then failed to appear at a subsequent *court-ordered* deposition on August 3, 2016.[20] Plaintiff has provided no reason for his absence to Defendants or this Court.[21] Dismissal for failure to cooperate in discovery or prosecute a case is "generally imposed only for egregious misconduct."[22] "Repeated failure to appear for deposition" fits in that category.[23]

---

[15] *Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 366-67 (6th Cir. 1997).
[16] Doc. 43-1 at Ex. 11.
[17] *Id*. at Ex. 13.
[18] *Id*. at 4-5 (citing Exs. 12-15).
[19] Doc. 41. at 1-2 (citing Doc. 36-1 Ex. 6).
[20] *Id*.; Doc. 43-1 at Ex. 17.
[21] Doc. 43-1 at 7.
[22] *Smith v. E & L Transp. Co.*, No. 87-3339, 1998 WL 93101, at *7 (6th Cir. Sept. 8, 1988).
[23] *Id*.

Case No. 15-CV-01172
Gwin, J.

Defendants have suffered prejudice by Plaintiff's failure to attend depositions and respond to discovery requests. This Court initially ordered that all dispositive motions were due by August 29, 2016.[24] Plaintiff's failure to attend two depositions or produce discovery left Defendants with little to no pertinent information. Although this Court extended Defendants' deadline, Defendants could not file proper dispositive motions as of the initial due date.[25] Further, Defendants have paid costs and expenses associated with filing their motion to dismiss and canceling two noticed depositions under N.D. Local Rule 30.1.[26]

Plaintiff had notice that his failure to prosecute, cooperate in discovery, or obey a court order could lead to dismissal. Fed. R. Civ. P. 41(b) and Fed. R. Civ. P. 37(b)(2) expressly provide that dismissal with prejudice is a potential sanction for failure to "obey a court order" or "provide or permit discovery." This Court "decline[d] to sanction Plaintiff" when he failed to appear at his first deposition.[27] The Court then specifically ordered Plaintiff to appear for deposition on August 4, 2016.[28] Plaintiff knew he was under order to appear at the deposition.[29]

Similarly, Plaintiff had notice of his insufficient discovery responses. Defendant contacted Plaintiff via email and letter concerning this issue on multiple occasions.[30] Plaintiff St. John never responded.[31] Thus, Plaintiff had notice that his actions could lead to dismissal.[32]

Finally, while "it is difficult to define the quantity or quality of the misconduct which may justify dismissal with prejudice as the first and only sanction," such levels of misconduct are

---

[24] Doc. 29.
[25] Doc. 48; Doc. 43-1 at 11.
[26] Doc. 43-1 at 12-13.
[27] Doc. 41.
[28] *Id*.
[29] See Docket in Case No. 15-CV-01172. The Court mailed a copy of the Order to Plaintiff on August 2, 2016.
[30] Doc. 43-1 at Exs. 12, 13, 14, 15.
[31] *Id*. at 5.
[32] Plaintiff's conduct has been sufficiently egregious to warrant dismissal despite his *pro se* status. *Brennan v. Cambridge Mun. Court*, 168 F.3d 489 (6th Cir. 1998) (citing *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991)) ("Although pro se litigants are held to less stringent pleading standards than attorneys, dismissal of a pro se case for lack of prosecution 'is appropriate when a pro se litigant has engaged in a clear pattern of delay.'").

Case No. 15-CV-01172
Gwin, J.

present here.[33] The Court already ordered Plaintiff to be deposed after missing his first properly-scheduled deposition. Common sense suggests that another order by this Court would prove fruitless.[34]

The Court declines to award Defendants costs and expenses associated with the two cancelled depositions and their motion to dismiss. Under Fed. R. Civ. P. 37(b)(2)(C), courts "must order the disobedient party . . . to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Defendants obviously incurred expenses associated with the missed discovery but given Plaintiff's pro se status, the Court finds a cost assessment would not be just. Thus, this Court declines to award costs and expenses to Defendants.

### III. Conclusion

Pursuant to Fed. R. Civ. P. 37 and Fed. R. Civ. P. 41, the Court **GRANTS** Defendants' motion to dismiss but declines to award Defendants' requested costs and expenses.

IT IS SO ORDERED.

Dated: August 23, 2016					*s/	James S. Gwin*
							JAMES S. GWIN
							UNITED STATES DISTRICT JUDGE

---

[33] *Harmon*, 110 F.3d at 368.
[34] *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 736 (6th Cir. 2008) (noting that dismissal for failure to prosecute is "a tool to effect management of [a court's] docket and avoid[] unnecessary burdens on the tax-supported courts and opposing parties").

-5-